IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TROY WILSON,                              :

        Plaintiff,

                                        Case No. 3:14-cv-310

        v.                                :

DYNASPLINT SYSTEMS, INC.,                           JUDGE WALTER H. RICE

        Defendant.                        :

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO SET
ASIDE ENTRY OF DEFAULT (DOC. #14); OVERRULING AS MOOT
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AS TO LIABILITY
OF DEFENDANT AND REQUEST TO SCHEDULE HEARING ON ISSUE
OF DAMAGES (DOC. #9)

---

Plaintiff, Troy Wilson, filed suit against his former employer, Dynasplint

Systems, Inc., alleging a violation of the Family and Medical Leave Act ("FMLA"),

29 U.S.C. § 2612(a)(1). Doc. #1. He alleges that he was terminated on February

20, 2013, while on FMLA-qualifying leave taken in connection with the birth of his

child, who was unexpectedly delivered three weeks early due to medical

complications.

Defendant was properly served with the Complaint and Summons, but failed

to file an Answer within the time allotted. Therefore, on Plaintiff's motion, the

Clerk issued an Entry of Default. Doc. #8. Plaintiff then filed a Motion for Default

Judgment as to Liability of Defendant and Request to Schedule Hearing on Issue of

Damages.  Doc. #9.  After Defendant failed to respond, the Court set a hearing date of September 17, 2015.  On September 16, 2015, counsel entered an appearance on Defendant's behalf, Docs. ##10, 12, and filed a Motion for Continuance, Doc. #11.  The Court sustained that motion and reset the hearing for November 12, 2015.  Doc. #13.  Defendant then filed a Motion to Set Aside Entry of Default.  Doc. #14.  That motion is now fully briefed.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."  Judgment on the merits is generally preferred over judgment by default. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011).  *See also United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (noting that the court is "extremely forgiving to the defaulted party" and favors "a policy of resolving cases on the merits instead of on the basis of procedural missteps.").

In deciding whether a defendant has established good cause for setting aside an entry of default, the court must consider:  (1) whether the default was willful; (2) whether a set-aside would prejudice the plaintiff; and (3) whether the alleged defense is meritorious. *Dassault Systemes*, 663 F.3d at 838-39 (citing *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983)).  Defendant argues that it has established good cause to set aside the Entry of Default.

Defendant first argues that its failure to respond to the Complaint was the result of financial distractions within the company, and a good faith

2

misunderstanding of the waiver of service process.  There was no "intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings," as is required to establish culpability.  *Id.* at 841 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)).

According to George Hepburn, Dynasplint's President, the default was not willful.  In his affidavit, he explains that, in 2013, during the same timeframe that Plaintiff's counsel first contacted Hepburn about a possible lawsuit, the company was in the middle of implementing a huge reduction in force, and responding to foreclosure proceedings.  Hepburn was focused on these crises.  Nevertheless, he was familiar with the circumstances of Plaintiff's termination, and told Plaintiff's counsel that Wilson was terminated due to performance problems, and not for taking FMLA leave.  Doc. #14-2, PageID##59-60.

In 2014, after the Complaint was filed, Plaintiff's counsel asked Hepburn to waive service, but Hepburn did not believe that he was required to do so.  Plaintiff's counsel sent another letter in December of 2014, advising Hepburn that if Dynasplint did not waive service, he would initiate service by a United States Marshal and seek recovery of expenses.  Again, Hepburn did not respond.  He claims that, because he was never personally served by a United States Marshal, he believed that Plaintiff had chosen to not forward with the lawsuit.  *Id.* at PageID#60.

3

Plaintiff's counsel sent the Complaint and Summon by certified mail.  On January 15, 2015, the company's receptionist signed for the certified letter, but did not bring the matter to Mr. Hepburn's attention.  Hepburn states that he did not learn that the case was "active" until Plaintiff's counsel sent him a Notice of Hearing in August of 2015.  At that point, Dynasplint retained counsel, who then filed the Motion to Set Aside Entry of Default.  *Id.* at PageID#61.

Plaintiff, on the other hand, maintains that the default was willful, and that this factor is determinative.  He cites to counsel's numerous warnings to Hepburn that a failure to waive service of the Complaint and Summons would result in additional costs to Dynasplint.  Doc. ##15-3 and 15-4.  Defendant again argues, however, that, based on the letter sent by Plaintiff's counsel, Hepburn reasonably believed that, if he did not sign the Waiver of Service, he would be personally served by a U.S. Marshal.  He was not.  Instead, a certified letter was accepted by his receptionist, who regrettably failed to bring the matter to his attention.

Plaintiff further argues that Hepburn's claim, that he was unfamiliar with the Waiver of Service procedures, is disingenuous, given that Hepburn was personally served in a different lawsuit nine months earlier, *Ridge v. Dynasplint*, Case No. GLR-14-378, filed in the United States District Court for the District of Maryland.  As Defendant notes, however, because Hepburn was personally served with a Summons in that case, *see* Doc. #15-5, this does nothing to discredit his statement that he was unfamiliar with Waiver of Service procedures.

4

With respect to the second factor to be considered, Defendant argues that Plaintiff will not be prejudiced if the Court sets aside the Entry of Default, because there is no reason to believe that the short delay has resulted in a loss of any material evidence.  Plaintiff summarily claims that he will be prejudiced, but does not explain how.

Finally, Defendant argues that the suit should be allowed to proceed on the merits because the company has raised a meritorious defense to Plaintiff's FMLA claim.  "A defense is meritorious if there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (quotation omitted).

According to Defendant, Plaintiff, a sales consultant, was terminated for poor performance and insubordination.  Timothy Blair, Plaintiff's supervisor, stated in an affidavit that Plaintiff had not been performing at an acceptable level for several months.  Although Blair tried various coaching methods, Plaintiff often failed to respond to communications from him, and was frequently disrespectful. Doc. #14-3, PageID##67-68.

On February 15, 2013, Blair attempted to reach Plaintiff concerning failure to follow up with a client.  Blair wanted to arrange a "ride along" for February 20, 2013.  On or about February 18, 2013, because Plaintiff had failed to respond to Blair's phone calls and email messages, Blair drafted a Performance Memorandum, *id.* at PageID##81-82, detailing Plaintiff's performance issues and lack of communication.  When he sent it to Human Resources personnel, they advised

5

Blair to tell Plaintiff that he was being terminated the next time he spoke with him. Blair hoped to have that opportunity on the February 20, 2013, ride along. *Id.* at PageID##68.  On the evening of February 19, 2013, Blair again emailed Plaintiff about plans for the ride-along the following day.  Plaintiff responded that he was at the hospital, in labor and delivery, and "[t]here is no way we will be riding together tomorrow." *Id.* at PageID#83.

Defendant maintains that, up until then, Plaintiff had not communicated his need for FMLA leave to either Blair or Human Resources, as required by company policy.  In any event, at that point, the decision had already been made to terminate him for poor performance and insubordination.  Defendant argues that Plaintiff cannot succeed on his FMLA claim, because, despite the unfortunate timing of his termination, he cannot prove that he was terminated for taking FMLA-qualifying leave.

In response, Plaintiff argues only that he did notify his supervisor of his need for emergency leave, and was terminated for attending the emergency birth of his child.  Plaintiff makes no attempt to rebut Defendant's claim that he cannot prove that he was terminated for taking FMLA leave, given that the decision to terminate him for poor performance and insubordination was made before the need for FMLA leave arose.

Having fully considered the parties' arguments and the applicable law, the Court finds that good cause exists to set aside the Entry of Default.  Under the circumstances presented here, it cannot be said that the default was willful.

6

Hepburn may have been somewhat reckless in failing to respond to the requests for Waiver of Service, and his receptionist may have been negligent in failing to bring the Summons and Complaint to his attention, but there is no reason to believe that either was trying to thwart the judicial process.  In addition, Plaintiff has identified no specific prejudice that will result from setting aside the Entry of Default.  And finally, the asserted defense to Plaintiff's FMLA claim—that the decision to terminate Plaintiff for poor performance and insubordination was made before Plaintiff notified the company of his need for FMLA leave—appears to be meritorious, in that there is "some possibility" that a jury could find in Defendant's favor.

Accordingly, the Court SUSTAINS Defendant's Motion to Set Aside Entry of Default, Doc. #14.  Plaintiff's Motion for Default Judgment as to Liability of Defendant and Request to Schedule Hearing on Issue of Damages, Doc. #9, is OVERRULED AS MOOT.

Date: December 21, 2015

WALTER H. RICE
UNITED STATES DISTRICT JUDGE